[L. A. No. 1695.   Department One.—June 19, 1907.]

## BEAUCHAMP H. SMITH, Respondent, v. PELTON WATER WHEEL COMPANY, Appellant.

PRACTICE—RELIEF FROM DEFAULT—APPLICATION MUST BE IN REASONABLE TIME.—Under section 473 of the Code of Civil Procedure an application to be relieved from a default judgment taken against a defendant through his mistake, inadvertence, surprise, or excusable neglect, in addition to being made within the period of six months thereby limited, must be made within a reasonable time after the judgment was taken. What is a reasonable time in any case depends upon the circumstances of that particular case, to be determined by the court to which the application is addressed.

ID.—DISCRETION OF TRIAL COURT—APPEAL.—In determining what is such reasonable time a large discretion is necessarily confided to the trial court, and the appellate court will not interfere with the exercise of its discretion, unless it is plainly made to appear that such discretion has been abused, and this rule is applicable whether the motion for relief has been granted or denied.

ID.—UNEXPLAINED DELAY OF FOUR MONTHS—DENIAL OF APPLICATION.— Where a defendant against whom a default judgment has been taken, after having acquired full knowledge of the facts, delays for nearly four months the making of an application to be relieved therefrom, and during that period fails to give any intimation to the opposing party of his intention so to apply, a satisfactory explanation excusing the delay must be made, otherwise the application should be denied on the ground that it was not made within a reasonable time. In the present case the reasons urged to excuse the delay were properly held unsatisfactory by the trial court.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing to vacate the judgment. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Rigby & Rigby, and G. C. De Garmo, for Appellant.

J. F. Conroy, for Respondent.

ANGELLOTTI, J.—These are appeals by defendant from a judgment given against it for $5,642.95, and from an order denying its motion to vacate and set aside such judgment. The judgment was given upon the failure of defendant to answer after its demurrer to the complaint had been overruled, its default for not answering having been duly entered. After the taking of the appeals William T. McArthur was substituted as plaintiff.

It is admitted that no error or irregularity is shown by the judgment-roll. The only contention made on these appeals is that the lower court erred in denying the motion to vacate and set aside the default and judgment.

The motion to vacate was based on the ground that the default and judgment were taken against defendant through mistake, inadvertence, surprise, and excusable neglect. The action was commenced in the superior court of Los Angeles County on July 28, 1903. On August 14, 1903, a demurrer

to the complaint was filed by a San Francisco law firm retained by defendant. This law firm continued in charge of the case for defendant throughout the proceedings in the lower court, but employed a Los Angeles attorney as associate counsel. The demurrer was overruled January 25, 1904, with leave to defendant to answer within ten days. The Los Angeles attorney was regularly notified of this action of the court on February 5, 1904, and informed by opposing counsel that the plaintiff was urging a speedy trial, and that the answer must be filed in due time, or a default would be entered. Orders extending the time to answer were obtained from the court, the last expiring about March 12, 1904. In the mean time, on March 9, 1904, defendant perfected an appeal from an order theretofore made in the action refusing to grant its motion for a change of place of trial from Los Angeles County to the city and county of San Francisco. No answer was filed, and on March 16, 1904, the default of defendant and judgment for plaintiff in accord with the prayer of the complaint were regularly entered. It is undisputed that both the Los Angeles and San Francisco attorneys had actual knowledge of the entry of judgment during March, 1904. No intimation of any intention to move to vacate the default and judgment was given until July 16, 1904, four months after their entry. On that day notice of such a motion to be made on July 22, 1904, accompanied by copies of certain affidavits and a proposed answer and cross-complaint, was served on plaintiff's attorney. The only reason advanced for the failure to answer was that the Los Angeles attorney mistakenly believed that defendant's appeal from the order refusing to change the place of trial operated as a stay of all proceedings pending the appeal, and therefore did not cause an answer to be filed. Counter-affidavits were filed, and in one of these affidavits it was alleged that subsequent to the entry of the judgment some of plaintiff's witnesses had disappeared, and plaintiff no longer knew where they could be found. The motion to vacate was denied on August 3, 1904, but, by leave of the court, it was renewed on August 12, 1904, additional affidavits being presented on behalf of both parties, and denied. The evidence before the lower court showed that the San Francisco law firm at all times retained control and management of the case for de-

fendant, and prepared the various pleadings, notices of motions, and affidavits, the Los Angeles attorney acting under their direction. The only excuse given for the delay in instituting proceedings to vacate the default and judgment was that given by the senior member of the San Francisco firm to the effect that for over two months after learning of the default and judgment he was suffering from ill-health, and was not in regular attendance at his office, and could only attend to his business occasionally; that thereafter he was engaged to the utmost of his capacity in court work and other business that needed prompt attention; that his partner was not familiar with the facts and was not in the habit of handling litigation of this character, and that ever since the entry of default and judgment he had been in frequent correspondence with his associate in Los Angeles, and from time to time had explained to him that the papers for the motion were in course of preparation, and why they were delayed.

Passing without consideration other points made in support of the order denying defendant's motion, we are satisfied that the order must be affirmed upon the ground that the delay in applying for relief was such, under all the circumstances, as to warrant the lower court in holding that the application was not made within a reasonable time. Section 473 of the Code of Civil Procedure authorizes the granting of relief to a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, "provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." The six months' limitation there provided is simply a limitation upon the power of the court to grant any relief, regardless of any question either as to the merits of the application, or as to whether or not the application was made within what might be held to be a reasonable time under the circumstances. Under this statute, in addition to being made within the six months' period, the application must be made within "a reasonable time," and what is a reasonable time in any case depends upon the circumstances of that particular case. The question as to whether the application has been made within a reasonable time is one

to be determined in the light of the circumstances of the case by the court to which the application is addressed. In the determination of that question a large discretion is necessarily confided to that court. It is a well-settled law in this state that the appellate court will not interfere with the exercise of the discretion of the lower court on an application of this nature, unless it is plainly made to appear that such discretion has been abused, and this rule is applicable whether the motion for relief has been granted or denied. (See *O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Moore* v. *Thompson,* 138 Cal. 23, [70 Pac. 930]; *Winchester* v. *Black,* 134 Cal. 125, [66 Pac. 197], and cases there cited.)

The delay of nearly four months in the matter of making the application, after full knowledge of the facts, accompanied by the failure to give any intimation to the opposing party of an intention to so apply, certainly required some satisfactory explanation to warrant a conclusion that the application was made within a reasonable time. Was the explanation given satisfactory? The court below must here be presumed, in support of its order, to have concluded that it was not, and we are of the opinion that the court was amply warranted in so concluding. The evidence was also sufficient to support a conclusion upon the part of the lower court that relief could not be granted to defendant after this long delay without injuriously affecting plaintiff's rights. Under these circumstances, we cannot say that the court was not justified in concluding that the application had not been made within a reasonable time, and should be denied.

As to certain language used by this court in *Wolff* v. *Canadian Pacific Ry.,* 89 Cal. 332, 337, [26 Pac. 825], in affirming an order vacating a default judgment, relied upon by defendant, it is sufficient to say that it is not applicable here, for the reason that the delay was not assented to by the plaintiff, and the court was warranted in concluding that the vacating of the judgment on an application so long delayed would be injurious to plaintiff's rights.

The judgment and order appealed from are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.