[Civ. No. 950.    Second Appellate District.—January 20, 1911.]

MRS. ALBERTA GERVAIS, as Executrix of the Last Will and Testament of LILLIAN MAE BOOK, Deceased, Respondent, v. T. F. JOYCE, J. T. KIRKWOOD and GEORGE W. BROOKINS, Appellants.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT IN TIME—INEXCUSABLE NEGLECT.—Where the transcript upon appeal was not filed within the forty days required after the appeal was perfected, and was not on file when the notice of motion to dismiss the appeal was given, assuming that facts might exist which would excuse the default, no such excuse was made to appear by an affidavit of appellant's attorney that he left the transcript with respondent's attorney for examination, before certifying to its correctness, that it was returned to his office in ample time to file the same, and that appellant's attorney, through inadvertence and neglect, overlooked the time for filing the same; and respondent is entitled to have the appeal dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. F. Conrey, Judge.

The facts are stated in the opinion of the court.

Bernard Potter, for Appellants.

W. C. Batcheller, for Respondent.

SHAW, J.—Motion to dismiss appeal from the judgment and order denying a motion for a new trial.

One of the grounds of the motion is that appellants failed to file the transcript within the time prescribed for so doing by rule 2 of this court. Rule 5 provides that a failure to file the transcript within the time so prescribed shall be ground for dismissing the appeal, unless the transcript shall be on file when notice of motion to dismiss is given, in which case such fact shall be sufficient answer to the motion.

The transcript was not filed within forty days after the perfecting of the appeal, nor was it on file at the time when notice of the motion was given. It appears from an affidavit made by the attorney for appellants that the transcript was left with the attorney for respondent for examination before certifying to its correctness; that it was returned to his office

within ample time for filing the same, but "affiant was unaware of the exact time that the same was signed, and through his inadvertence and neglect overlooked the time required within which to file same in the appellate court." Assuming that facts might exist which, if shown, would excuse the default, none are made to appear. We think respondent is entitled to have the appeal dismissed, and it is so ordered. (*Buckley* v. *Althorf*, 86 Cal. 643, [25 Pac. 134]; *Tompkins* v. *Montgomery*, 116 Cal. 122, [47 Pac. 1006].)

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 15, 1911.