[Civ. No. 861.   Third Appellate District.—April 18, 1911.]

## W. F. ERVING, Respondent, v. NAPA VALLEY BREW-ING COMPANY, a Corporation, Appellant.

APPEAL—DISMISSAL FOR FAILURE TO FILE TRANSCRIPT IN TIME—IM-PROPER RELIANCE OF ATTORNEY UPON CLERK.—Where an appeal was taken under the old method, it must be dismissed for failure to file the printed transcript within the time prescribed by Rule II of the supreme court, where the certificate of the clerk is made setting forth the facts required by Rule VI of that court. It is no legal excuse that the attorney for appellant had taken a former appeal under the new method prescribed by section 941b of the Code of Civil Procedure, and relied upon the promise of the clerk to certify and transmit the transcript within the time required by law in this case.

ID.—EFFECT OF ACCEPTANCE OF EXCUSE.—It is held that to accept such excuse as a legal justification for appellant's failure to comply with a rule of court designed to expedite and facilitate the disposition of causes upon their merits would be to discourage diligence in the prosecution of appeals and establish a precedent that might lead to vexatious delays in the future.

ID.—RELIEF FROM DEFAULT—AFFIDAVIT OF MERITS ESSENTIAL.—If rules similar to those governing applications for relief under section 473 of the Code of Civil Procedure are to be applied in the appellate court, the party asking relief from his default must at least show that he has consulted counsel, and has been advised by them that he has reasonable grounds to expect a reversal if the appeal is heard upon its merits.

ID.—AFFIDAVIT OF ATTORNEY INSUFFICIENT.—The appellant here stands contending merely for the technical right of appeal, not even the attorney in his affidavit intimating that he believes there is any merit in the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Napa County.   H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Nathan Coombs, John P. York, and Frank L. Coombs, for Appellant.

F. E. Johnston, and L. E. Johnston, for Respondent.

BURNETT, J.—Respondent has moved to dismiss the appeal on the ground that "the appellant, Napa Valley Brewing

Company, a corporation, has failed to serve and file the printed transcript of the record within the time prescribed by Rule II [144 Cal. xl, 78 Pac. vii] of the supreme court." The motion is supported by the certified statement of the county clerk setting forth the facts required by Rule VI [144 Cal. xliii, 78 Pac. ix] of said supreme court. By said certificate it appears that the notice of appeal was filed on January 11, 1911; "that no bill of exceptions or statement on appeal has been made or filed; that appellant has not requested the clerk to certify to a correct, or to any, transcript of the record; and no motion or notice of intention to move for a new trial in said action is pending or has been filed in said cause." Notice of the motion to dismiss the appeal was served on March 13th and filed herein on March 15th.

The matter has been submitted without argument, and the only showing made by appellant in opposition to the motion is contained in an affidavit of Hon. Frank L. Coombs, who declares therein that "he acted for the attorney of appellant in filing the notice of appeal in the said cause; that affiant had previously taken an appeal under section 941b of the Code of Civil Procedure, and in this appeal he followed the same course adopted by the clerk of the superior court of the county of Napa in the said previous case; that upon the filing of the notice of appeal in the above-entitled case he requested the clerk to prepare a transcript of the judgment-roll and papers necessary upon said appeal, and to transmit the same to the clerk of the said court of appeal with the necessary certificate, agreeing to pay the said clerk the expenses therefor. That the said clerk consented to do the same; that thereafter and upon several occasions affiant called the attention of the said clerk to said matter of preparing and transmitting said transcript, and understood and supposed the same would be done within the time required by law." It is thus not disputed that under the rule it was the duty of appellant to file the printed transcript within the forty days, but it is sought to excuse the default on the ground that the attorney depended upon the clerk of the court to perform that duty. It was supposed that he would pursue the same course that he did under another appeal taken under a different section of the Code of Civil Procedure.

To accept this as a legal justification for the failure to comply with a rule of court designed to expedite and facilitate the disposition of causes upon their merits would be to discourage diligence in the prosecution of appeals and establish a precedent that might lead to vexatious delays in the future.

The following cases, though different in their facts, serve to illustrate the view of this same question taken by the appellate courts of the state:

In *Union Lumber Co.* v. *Metropolis Construction Co.*, 13 Cal. App. 584, [110 Pac. 329], it is held that a failure to serve and file the transcript is not excused by a showing of the pendency of an appeal from the order denying a motion for the change of the place of trial of such action and an intention to obtain leave to incorporate in the record of appeal from the order, the record also constituting the transcript on appeal from the judgment.

In *Gervais* v. *Joyce,* 15 Cal. App. 189, [114 Pac. 409], it is held that the failure to file the transcript is not excused by reason of the fact that the transcript was left with the attorney for respondent for examination and it was returned within ample time for filing, but the attorney for appellant "was unaware of the exact time that the same was signed, and through his inadvertence and neglect overlooked the time required within which to file the same in the appellate court."

In *Hamaker* v. *Keating,* 158 Cal. 109, [110 Pac. 109], for failure to file the transcript the excuse was offered that the attorney, "after filing the notice of appeal, elected to have the record prepared in accordance with section 953a, and thereupon conceived the idea that the notice to be given to the clerk for the preparation of the transcript under that section would not have any effect and would not be mandatory upon the clerk, unless there was on file in his office at the time a duly served notice to the appellant's attorney of the entry of the order appealed from, and that with this idea in mind, he deferred giving any notice to the clerk and awaited the service of notice to himself of the entry of the order from which the appeal was taken and of which he already had full knowledge." It was held that such a mistake did not constitute a ground for relief.

But, for another reason set out in the Keating case, *supra,* the default should not be set aside. Therein the supreme court

declares: "Lastly, if rules similar to those governing applications for relief under section 473 of the Code of Civil Procedure are to be applied here, the party asking relief from his default must, at least, show that he has consulted counsel and has been advised by them that in their opinion he has reasonable grounds to expect a reversal of the order appealed from if the appeal were considered on the merits." As therein, so here, "no assertion of this character is made. The appellant stands contending merely for the technical right," not even the attorney in his affidavit intimating that he believes there is any merit in the appeal.

The appeal is therefore dismissed.

Hart, J., and Chipman, P. J., concurred.