[Civ. No. 4154.    Second Appellate District, Division One.—March 30, 1923.]

## W. E. KLARQUIST, Respondent, v. SECURITY TRUST & SAVINGS BANK (a Corporation), Appellant.

[1] APPEAL — FILING OF TRANSCRIPT — NONCOMPLIANCE WITH RULE — EXCUSE FOR DELAY—BURDEN OF PROOF.—On a motion to dismiss an appeal, where it is shown by respondent that appellant has not complied with the rule of the appellate court in the matter of filing its transcript on appeal, the burden rests upon appellant to show good reason for its failure in order that it should be relieved from its default.

[2] ID. — PENDING COMPROMISE — PRESSURE OF OTHER BUSINESS — STIPULATION—INSUFFICIENT EXCUSE FOR DELAY.—The fact that there was a possible compromise of the judgment discussed and that counsel for respondent stated that counsel for appellant "need not be in any rush to file the transcript" is not equivalent to a stipulation for an extension of time to do so; and the fact that counsel for appellant was under "an unusual pressure of other work" is no legal excuse for his failure to file the transcript on appeal within the time prescribed by the rules of the appellate court.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Granted.

The facts are stated in the opinion of the court.

Page & Page and Arthur F. Coe for Appellant.

H. G. Redwine for Respondent.

HOUSER, J.—This matter involves, first, a motion by respondent to dismiss an appeal, and, secondly, a motion by appellant that it be relieved from its default in failing to file its transcript on appeal within the time permitted under the rules of this court. A lapse of sixty-six days occurred between the settling and filing of the bill of exceptions in the superior court and the date of the notice to dismiss the appeal, and the transcript on appeal was not offered for filing until two weeks later.

An affidavit by counsel for appellant in opposition to the motion to dismiss the appeal, as well as in support of its motion to be relieved from its default in not having filed the transcript within the forty-day period permitted under rule II of this court (176 Pac. vii), shows that "both prior and subsequent to the 18th day of December, 1922, affiant had conversations with Mr. Redwine, attorney for the respondent, the substance of which was that Mr. Redwine wanted to know if the case could not be settled, if the bank would not consider a compromise, etc., to which affiant replied that he wished to look more thoroughly into the law on the question and would like to have a little more time to look into the matter, to which Mr. Redwine answered that that would be all right and that affiant need not be in any rush to file the transcript, or words to that effect." The affidavit also shows that counsel for appellant had been under "an unusual pressure of other work" during the period immediately preceding the time when the transcript should have been filed.

Counsel for respondent in his answering affidavit vigorously denies ever having had any such conversation or conversations either in substance or effect.

[1] Respondent having shown that appellant has not complied with the rule of this court in the matter of filing its transcript on appeal, the burden rests upon appellant to show good reason for its failure in order that it should be relieved from its default. [2] Assuming that counsel for appellant is correct in his recollection of what occurred, the fact that there was a possible compromise of the judgment discussed and that counsel for respondent stated that "affiant need not be in any rush to file the transcript" is not equivalent to a stipulation for an extension of time to do so; although this court does not wish to be understood that by either words or by acts may one counsel lull the other into a sense of security and thus take an unfair advantage. So far as this court is aware, there is no way by which it may be determined which counsel is correct, but, at most, the alleged conversation goes no further than a general statement that there was no great hurry to get the transcript filed, and the fact that counsel was under "an unusual pressure of other work" is, of course, no legal excuse.

As is said in *Erving* v. *Napa Valley Brewing Co.*, 16 Cal. App. 43 [116 Pac. 332] : "To accept this as a legal justification for the failure to comply with a rule of the court designed to expedite and facilitate the disposition of causes upon their merits would be to discourage diligence in the prosecution of appeals and establish a precedent that might lead to vexatious delays in the future." In order that rules may have some force it is necessary that a compliance therewith be insisted upon. The rule invoked in this matter is particularly essential to the orderly disposition of the business of the court. Appellant having failed to observe the rule and not having sustained the burden cast upon it by showing good cause therefor must suffer the consequences.

The appeal is dismissed and appellant's motion for relief is denied.

Conrey, P. J., and Curtis, J., concurred.