[Civ. No. 4555. First Appellate District, Division Two.—June 9, 1923.]

## F. L. HORNE, Respondent, v. STANDARD AUTO SALES COMPANY (a Corporation), Appellant.

[1] APPEAL—FAILURE TO FILE PROPOSED BILL OF EXCEPTIONS IN DUE TIME—DENIAL OF RELIEF—DISCRETION OF TRIAL COURT.—On this appeal from an order of the trial court denying defendant's motion for relief from its default in failing to serve and file its proposed bill of exceptions on appeal in due time, the appellate court could not say from a review of the record that the trial court abused its discretion in denying defendant the relief sought.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for relief from default in serving and filing proposed bill of exceptions. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sloss, Ackerman & Bradley for Appellant.

Marion Vecki and A. Walter Allen for .Respondent.

LANGDON, P. J.—This is an appeal from an order of the trial court denying defendant's motion to be relieved from the effect of objections taken by plaintiff to proposed bill of exceptions because of defendant's failure to file said bill in due time.

The motion of defendant was made under section 473 of the Code of Civil Procedure. It appears by the affidavits upon which the motion was considered by the trial court that after the plaintiff had obtained a judgment in the action for damages for personal injuries, the respective attorneys for plaintiff and defendant negotiated with a view to compromising the claim and avoiding any further litigation. By stipulation between said attorneys the defendant's time for serving and filing proposed bill of exceptions was extended to November 25, 1921. On that date attorney for defendant requested of the attorney for plaintiff a further extension of ten days, which was granted. At the expiration of said time (December 5, 1921) attorney for defendant telephoned to the attorney for the plaintiff and requested an additional ten days, stating that the representative of the defendant company was in Los Angeles and would come to San Francisco within a few days to confer with reference to payment of the judgment. The attorney for the plaintiff refused to grant an extension of ten days, but stipulated that the defendant might have five days' additional time, or until December 10, 1921, within which to serve and file said proposed bill of exceptions. On December 10, 1921, attorney for defendant again telephoned the attorney for the plaintiff and asked for ten days' additional time, stating that within such time he hoped to convince the representative of the defendant company of the wisdom of paying the judgment. Attorney for plaintiff refused to grant an extension of more than five days. Thereupon attorney for defendant pleaded that he be allowed the remainder of the week and attorney for plaintiff finally extended defendant's time for six days or until December 16, 1921.

No attempt was made to secure further time and the bill of exceptions was not served and filed until December 20, 1921, at which time plaintiff objected to its settlement and his objection was sustained. Then followed the motion of the

defendant to be relieved of the effect of its default, and from the order denying such motion the defendant has appealed. Before the filing of said bill of exceptions, to wit, on December 8, 1921, the law firm of Sloss, Ackerman and Bradley was substituted in the place and stead of the former attorneys for the defendant. Said substitution was dated December 8, 1921, and copy of same was served upon the attorney for the plaintiff and filed on December 12, 1921, and said substituted attorneys prepared and filed the proposed bill of exceptions, settlement of which was denied.

In support of its claim that the delay in filing the proposed bill of exceptions was due to mistake, inadvertence, surprise, and excusable neglect warranting relief under section 473 of the Code of Civil Procedure, the defendant presented to the court the affidavit of one of the attorneys who represented the defendant at the trial of the action, which was to the effect that he thought he had arranged, in a telephonic conversation, with attorney for plaintiff for an extension of ten days' time within which to file proposed bill of exceptions, and for six days' time within which to file undertaking to stay execution; that through some mistake "the time stated in said stipulation for preparing and serving said bill of exceptions was substituted for the time within which defendant was required to give an undertaking to stay execution"; that affiant was not aware of such mistake until advised by Mr. Ackerman "a few days since." Said affidavit was dated January 6, 1922. There was also presented to the trial court the affidavit of Mr. Ackerman which recited that on the morning of December 10, 1921, the former attorney for defendant had telephoned to affiant stating that he had secured an extension of ten days' time within which to prepare and serve proposed bill of exceptions and file bond; that thereupon affiant entered in his office record the date of December 20, 1921, as the date when said bill of exceptions was due and that affiant was not informed, until December 30, 1921, that the said extension of time for filing said bill of exceptions actually expired on December 16, 1921.

In rebuttal there appears in the record the affidavit of attorney for plaintiff which recites many of the facts herein set out and states further that on or about December 30, 1921, affiant discussed with the attorney who had represented defendant at the trial of this action the matter of the stipu-

lations for extension of time; that at that time said attorney for defendant showed to affiant his office diary and affiant saw, under date of December 16, 1921, the memorandum, "Horne vs. Standard, bill of exceptions due," and on the same line another memorandum "substitution, drop"; that said attorney for defendant thereupon remarked to affiant, "my memorandum seems to bear you out."

[1]    This case falls within the well-settled rule announced in *Ingrim* v. *Epperson*, 137 Cal. 370 [70 Pac. 165], and followed by numerous decisions in this state to the effect that unless the record clearly shows that the trial court has abused its discretion in a matter of this kind, its order, whether it be to grant or deny the application, will be affirmed. We think the record here does not clearly show an abuse of discretion. If the trial court gave weight to the affidavit of attorney for plaintiff, as it had the right to do, it must have believed that the attorney for the defendant was negligent in informing those substituted in his place and stead of an extension of time for filing said proposed bill of exceptions which was not in accord with his own written office memorandum of the same. Under such a view of the matter there was no excusable neglect.

It seems idle to review herein the numerous authorities in this state on so well-settled a proposition as that involved upon this appeal, and we shall only repeat, as an expression of our own view in the present case, the statement of our supreme court in the case of *Alferitz* v. *Cahen*, 145 Cal. 397, 399 [78 Pac. 877, 879]: "While it may be conceded that if the trial court in this case had reached the opposite determination, and had vacated its judgment, to the end that H. Cahen might be permitted to defend the litigation upon its merits, this court would not have disturbed the conclusion, upon the other hand that is very far from a declaration that the decision which the court actually reached was unwarranted, and therefore an abuse of its discretion."

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.