[Civ. No. 5129.  First Appellate District, Division One.—December
17, 1926.]

## WALTER M. WILLETT et al., Appellants, v. SCHMEISTER MANUFACTURING COMPANY (a Corporation), Respondent.

[1] DEFAULT—FAILURE TO PRESENT BILL OF EXCEPTIONS WITHIN TIME
—IGNORANCE OF STATUTORY TIME.—Ignorance of the time within
which a statement or bill of exceptions must be prepared and
served cannot be deemed the result of mistake or surprise or in-
advertence, and the neglect to prepare and serve it within the
time prescribed by the code is not excusable.

[2] ID.—UNUSUAL PRESS OF ATTORNEY'S BUSINESS—INSUFFICIENT EX-
CUSE.—Unusual press of business of an attorney for appellants
is not a legal excuse for failure to present a bill of exceptions
within the time allowed by law.

[3] ID.—DISCUSSION OF COMPROMISE—CONTINUANCES—STIPULATIONS.—
The fact that there was a possible compromise of the judgment
discussed, or that counsel for respondent failed to object to con-
tinuances, was not equivalent to a stipulation for an extension of
time within which to present a bill of exceptions.

[4] ID. — REPORTER'S TRANSCRIPT — NEW TRIAL. — The reporter's tran-
script is not necessary on motion for a new trial, and if the
phonographic reporter fails to transcribe the proceedings in time,
he must, upon request of the court or either party, attend the
hearing and read his notes, or such part thereof as is requested.

[5] ID. — BILL OF EXCEPTIONS — EXPIRATION OF STATUTORY PERIOD —
SUBSEQUENT ORDER EXTENDING TIME — INVALIDITY OF. — The party
appealing has the right to have his bill of exceptions settled
within the time limit provided, and within such further time as
the court might grant by an order made before expiration of
such time; and an order made after the expiration of the statu-
tory period, in the absence of stipulation of the attorneys for
the parties, is ineffectual and void.

[6] ID. — FAILURE TO PRESENT BILL WITHIN TIME — MOTION FOR RE-
LIEF—DISCRETION—EVIDENCE.—The granting or denying of a mo-
tion to be relieved from default in failing to present a bill of
exceptions within the time allowed by law is in the discretion of
the trial court and such discretion will not be interfered with and

3. See 2 Cal. Jur. 566.
5. See 2 Cal. Jur. 560.
6. See 2 Cal. Jur. 564.

its order reversed unless it is clear that the trial court has abused its discretion; and on this appeal from an order denying relief from such a default, the record does not clearly show an abuse of discretion.

(1) 4 C. J., p. 291, n. 5.    (2) 4 C. J., p. 291, n. 5.    (3) 4 C. J., p. 288, n. 70 New.    (4) 29 Cyc., p. 928, n. 61.    (5) 4 C. J., p. 282, n. 16.    (6) 4 C. J., p. 291, n. 5, p. 292, n. 11 New.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying motion for relief from default in failing to present bill of exceptions within time. Thomas F. Graham, Judge.    Affirmed.

The facts are stated in the opinion of the court.

A. C. Lowell for Appellants.

Grant & Bailey for Respondent.

CAMPBELL, J., *pro tem.*—This appeal is from an order of the trial court denying an application made under section 473 of the Code of Civil Procedure to be relieved from a default in failing to present a bill of exceptions within the time allowed by law.

Appellants' motion was made on the following grounds: 1. "That through mistake and inadvertence of plaintiffs' counsel they were not advised of the time when plaintiffs' time for serving and presenting such proposed bill of exceptions commenced to run," and 2. "That through mistake and excusable neglect plaintiffs were unable to obtain the reporter's transcript of the testimony taken upon the trial within the time for serving and presenting their proposed bill of exceptions and were thereby prevented from preparing such proposed bill of exceptions within proper time."

In support of their motion for relief because of the asserted mistake, inadvertence, and excusable neglect of plaintiffs' counsel, the affidavit of such counsel was filed. The substance of this affidavit, after setting forth the professional engagements and press of business of affiant and letters in which respondent's counsel made no objection to the time being extended, is contained in the concluding paragraphs, as follows: "That the sole reason for plaintiffs' failure to

present their motion for new trial in the above entitled
action within the time allowed by Section 660 of the Code
of Civil Procedure of the State of California, was due to the
inability of this affiant to obtain the transcript of the evi-
dence in the trial of said action in proper season, together
with the ignorance of affiant as to the change in said Sec-
tion 660 of the Code of Civil Procedure of the State of Cali-
fornia effective August 17, 1923, and that, in turn, affiant's
ignorance of the amendment of said Section 660 was due to
the fact that affiant at all times since said amendment be-
came effective has been overburdened with work so that it
was impossible for him to properly acquaint himself with
the amendments to the laws of California effective August
17, 1923. That plaintiffs were absolutely unable to serve
and present a bill of exceptions earlier than May 10, 1924,
owing to the fact that notwithstanding all affiant's efforts
to obtain a transcript taken upon the trial of the action, they
were unable to obtain a sufficient or any transcript prior to
the 8th day of May, 1924.''

Appellants' time for presenting their proposed bill of ex-
ceptions expired under the provisions of section 660 of the
Code of Civil Procedure, as amended (Stats. 1923, p. 233), on
March 29, 1924. On April 14, 1924, the trial court made
its order extending plaintiffs' time to serve and present to
the court for settlement their proposed bill of exceptions,
and on July 7, 1924, the court made its order denying plain-
tiff's motion for relief from default entered against them
for not presenting their proposed bill of exceptions within
the time allowed by law. It will be seen from the fore-
going that the bill of exceptions was not served nor presented
within the time allowed by law, stipulation of the parties,
nor by any order of court extending such time, made before
the time allowed by law had expired.

[1] The first point urged by appellants, that through
mistake and inadvertence they were not advised of the time
when their time for serving and presenting the proposed bill
of exceptions commenced to run—that is, that because of
unusual press of business plaintiffs' counsel did not discover
that section 660 of the Code of Civil Procedure had been
amended and the time for serving and presenting the bill of
exceptions shortened from three months to two months, is with-
out merit. ''Ignorance of the time within which a statement

or bill of exceptions must be prepared and served cannot be deemed the result of mistake or surprise or inadvertence, and the neglect to prepare and serve it within the time prescribed by the code is not excusable.'' (*Ingrim* v. *Epperson*, 137 Cal. 370 [70 Pac. 165]; *Blumer* v. *Meyhew*, 17 Cal. App. 223 [119 Pac. 202]; *Kammerer* v. *Marino*, 66 Cal. App. 720 [226 Pac. 980]; *Bennett* v. *Hillman*, 37 Cal. App. 586 [174 Pac. 362]; *Garroway* v. *Jennings*, 189 Cal. 97 [207 Pac. 554].) **[2]** Nor is unusual press of business a legal excuse. To accept this as a legal justification for the failure to comply with the statute would be to discourage diligence in the prosecution of appeals and establish a precedent that might lead to vexatious delays. (*Erving* v. *Napa Valley Brewing Co.*, 16 Cal. App. 43 [116 Pac. 331]; *Klarquist* v. *Security Trust & Sav. Bank*, 61 Cal. App. 548 [215 Pac. 398].) **[3]** Nor is the fact that there was a possible compromise of the judgment discussed, or that counsel for respondent failed to object to continuances, equivalent to a stipulation for an extension of time. (*Klarquist* v. *Security Trust & Sav. Bank, supra.*)

**[4]** As to the second ground urged by appellants that they were unable to obtain the reporter's transcript, it is sufficient to say that such transcript is not necessary on motion for a new trial; that if the phonographic reporter fails to transcribe the proceedings in time, he must, upon request of the court, or either party, attend the hearing and read his notes, or such part thereof as is requested. (Code Civ. Proc., sec. 660.) The motion for a new trial not being made within the two months prescribed by the statute was by its terms automatically denied on March 19th and the ten days within which to present the proposed bill of exceptions expired on March 29th, and it was not until May 10th that the proposed bill of exceptions was presented to the clerk for the trial judge and served upon opposing counsel. If the transcript of the testimony could not be had within the ten days within which the bill of exceptions is required to be served and presented, an order extending the time should have been obtained before the ten days expired. **[5]** The party appealing has the right to have his bill of exceptions settled within the time limit provided, and within such further time as the court might grant by an order made before expiration of such time.

(*Tregambo* v. *Comanche M. & M. Co.*, 57 Cal. 501.)   An order made after the expiration of the statutory period, in the absence of stipulation of the attorneys for the parties, is ineffectual and void.   (*Estate of Clary*, 112 Cal. 292 [44 Pac. 569].)

[6]  The granting or denying motions of this character is in the discretion of the trial court and such discretion will not be interfered with and its order reversed unless it is clear that the trial court has abused its discretion.   (*Ingrim* v. *Epperson*, 137 Cal. 370 [70 Pac. 165]; *Alferitz* v. *Cahen*, 145 Cal. 397 [78 Pac. 878]; *Horne* v. *Standard Auto Sales Co.*, 62 Cal. App. 478 [216 Pac. 970].)   The record here does not clearly show such an abuse of discretion.

Appellants in their brief call our attention to the cases of *Nicoll* v. *Weldon*, 130 Cal. 666 [63 Pac. 63], and *Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576 [105 Pac. 590], as authority for their contention that in the instant case the trial court abused its discretion in denying their application for relief from their default.   In *Nicoll* v. *Weldon* the court held that the terms imposed by the trial court as a condition to granting a motion of the defendant to set aside a default must, in the absence of a contrary showing, be held to be ample compensation to the plaintiff for any injury he may have suffered by the delay occasioned by the motion, and that the discretion of the trial court is best exercised when it tends to bring about a judgment upon the merits. In *Mitchell* v. *California etc. S. S. Co.*, the affidavit of the attorney was to the effect that he was busily engaged and sick a part of the time and that he relied upon his clerk, who informed him from time to time that he had obtained more time to present his bill of exceptions and that he believed his subordinate was getting extensions of time from plaintiff attorneys by stipulation, instead of which he had obtained orders from the court and the last order extended the time beyond the thirty days in which the court was permitted to extend the time, without the stipulation of the parties, as provided by section 1054 of the Code of Civil Procedure, and the court held that the mistake of the attorney was one of fact.   In the instant case it will be noted that the time had expired before the matter was in any manner brought to the attention of the court.   We cannot say that the trial court abused its discretion in denying

appellants' motion. On the contrary, it appears that the court was amply justified in ruling as it did.

The order appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.