[Civ. No. 7382.   First Appellate District, Division Two.—September 30, 1930.]

ALFIO MASSIMIO, Respondent, v. PHYLLIS TARANTO, Appellant.

Owen D. Richardson and Donald B. Richardson for Appellant.

Tompkins & Tompkins for Respondent.

DOOLING, J., *pro tem.*—Judgment in this action was taken by default for appellant's failure to appear and plead to the complaint within the time allowed by law after personal service of summons upon her. On May 7, 1929, a motion to vacate and set aside the default was filed by the attorney then representing appellant, fixing May 14, 1929, as the date upon which such motion would be made. This notice was accompanied by a proposed answer, and affidavits of appellant and her then attorney. These affidavits recited that on the date of service upon her appellant had personally delivered the copy of summons and complaint to her attorney and that he had failed to plead for her within time because of his mistaken belief that the copy of the complaint was one in another action between the same parties in which he had already entered an appearance for appellant. On May 14, 1929, appellant's then attorney failed to appear to present the motion and the motion was denied for lack of prosecution.

Subsequently, on September 17, 1929, a second notice of motion to set aside the default and judgment was filed by appellant's attorneys, they having in the meantime been substituted for the attorney who filed the first notice of motion. In attempted explanation of the failure to prosecute the first motion an affidavit of appellant's first attorney was presented in which he stated that he did not appear at the hearing of the first motion because "he believed that another attorney had been substituted in his place". No facts were stated from which the court might determine whether or not this belief was reasonable or justifiable.

This second motion was denied and from that order this appeal is taken.

Once the fact that a default has been entered is discovered, the defaulting party must proceed with reasonable diligence in seeking to have it set aside. (*Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394 [90 Pac. 934].) Having pyramided one default upon another, it was incumbent upon appellant to show some good reason for the failure to prosecute the first motion as well as for the failure to appear originally in the action. We cannot hold that it was an abuse of discretion for the trial court to refuse to accept as an excuse for the failure to present the first motion the naked assertion of the attorney's belief, in the absence of the recital of any supporting facts upon which the belief was based.

Order affirmed.

Nourse, P. J., and Sturtevant, J., concurred.