[Civ. No. 17405.   First Dist., Div. Two.   Oct. 22, 1957.]

RICHARD P. LYONS, Appellant, v. WALTER SWOPE, Respondent.

Peter J. Coniglio for Appellant.

Ernest E. Emmons, Jr., for Respondent.

KAUFMAN, P. J.—The appellant filed a complaint in the Superior Court of San Mateo County invoking the equity powers of the court to set·aside and vacate a default judgment made and entered against him by the Municipal Court of the Southern Judicial District of San Mateo County. This appeal

is taken from the trial court's action in sustaining respondent's demurrer to the complaint without leave to amend.

Appellant is an attorney at law licensed to practice in California and, in connection with a personal injury action, employed the respondent, a licensed California private investigator, pursuant to a contingent investigation agreement which provided that respondent would receive 5 per cent of the gross recovery obtained. The personal injury action was settled for $29,000, but respondent was not paid. Thereafter, respondent sued appellant in the municipal court for $1,450. Appellant was served in that action on December 10, 1954, but failed to appear. His default was entered on May 24, 1955, and a default judgment rendered against him on June 17, 1955, over six months after service had been made. Appellant then filed a motion to set aside the default judgment. This motion was denied on November 19, 1955. On March 1, 1956, the order of the municipal court denying the motion was affirmed by the appellate department of the superior court and on March 29, 1956, appellant's petition for a rehearing was denied. On March 29, 1956, appellant filed the complaint for equitable relief to which the respondent interposed a general and special demurrer. On April 19, 1956, the court heard arguments and sustained the respondent's general demurrer to appellant's complaint without leave to amend.

The contentions on appeal are as follows:

1. The trial court erred in sustaining the demurrer to the complaint without leave to amend as the complaint stated a cause of action for equitable relief on the ground of extrinsic mistake or excusable neglect.

2. The contingent investigation agreement was illegal and in violation of rule 3 of Professional Conduct of the State Bar of California.

Appellant's grounds for equitable relief as set forth in Paragraph VIII of the complaint are the following:

(1) At the time of service appellant was engaged in an eight-day trial.

(2) Appellant was City Attorney of South San Francisco and had to give priority to city work over his other legal work.

(3) Shortly after he was served, appellant developed a virus influenza which prevented him from working evenings in his office and, because of the duties of his office, he was unable to prepare and file an answer to the respondent's complaint.

(4) Other extenuating circumstances, such as vacations of

secretarial help and the demands of the city council, which prevented him from filing an answer.

We do not think the above recite sufficient grounds for equitable relief. It only appears that appellant was busy with other legal work. Pressure of legal business is not sufficient to invoke Code of Civil Procedure, section 473. (*Dow* v. *Ross,* 90 Cal. 562 [27 P. 409].) His illness was not a disabling one as he was able to continue with his other legal work. In *Jeffords* v. *Young,* 98 Cal.App. 400 [277 P. 163], relied upon by the appellant, the illness of counsel resulted in his death. In *Smith* v. *Busniewski,* 115 Cal.App.2d 124 at 127 [251 P.2d 697], the court pointed out, ''It is well settled that equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which was not the result of negligence or laches on the part of the complainant.''

(a) In *Hallet* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3], relied upon by the appellant for the proposition that he is entitled to equitable relief if his negligence in no way prejudiced the opposite party, the court said at 557: '' '. . . At most, it was a question of fact for the court below to determine whether or not the lack of vigilance on the part of the plaintiff was such as would not have occurred with a man of ordinary care and prudence, under the same circumstances. That court has decided the question in favor of the plaintiff, and we are satisfied with its conclusion.' '' Here we are satisfied with the lower court's conclusion that the complaint on its face demonstrates that the default judgment was not obtained by extrinsic fraud, mistake and accident. The other cases cited by appellant are not relevant here. See *Levinson* v. *Bank of America,* 126 Cal.App.2d 122 [271 P.2d 632], as being here in point.

(b) There is also no merit in appellant's second contention as no fee splitting was involved, and in *Cain* v. *Burns,* 131 Cal.App.2d 439 [280 P.2d 888], it was held that the prohibition of rule 3 applied to the attorney and not the investigator.

In view of the foregoing the judgment of the trial court finds support in the record before us.

Judgment affirmed.

Dooling, J., concurred.

A petition for a rehearing was denied November 21, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1957.