[Civ. No. 8602.    Fourth Dist., Div. Two.    Nov. 28, 1967.]

RUDOLPH A. DEW et al., Plaintiffs and Appellants, v. F. J. PAVESE, Defendant and Respondent.

William E. Dennis for Plaintiffs and Appellants.

Chapman & Sprague, Styskal, Wiese & Colman and Alan M. Mund for Defendant and Respondent.

THOMPSON (Raymond), J. pro tem.*—The complaint herein was in several causes of action, including one on money due on promissory notes executed by the defendant F. J. Pavese.

The complaint was filed October 22, 1965, was served on October 28, and the parties agree that on November 4 defendant's attorney was given 10 days from that date in which to answer. According to plaintiffs' counsel's declaration on or about November 15 defendant's attorney was granted an additional five days by oral agreement so the answer should have been filed by November 19. However, by a hearsay statement in the declaration of defendant's counsel, his secretary called plaintiffs' attorney's secretary about November 22, 1965, and was granted a further continuance. This is denied by declaration of plaintiffs' counsel, again hearsay, asserting that his secretary refused to grant further continuance on the ground that she had no authority, the matter being for attorneys, not for secretaries. On November 26 default was entered and defendant's attorney was immediately informed by telephone and in writing.

Plaintiffs' attorney refused to set aside the default and advised defendant's attorney to take necessary steps to have it set aside if he had grounds therefor. On January 31, 1966, a default hearing was had before Judge Carl B. Hilliard and a judgment was granted for plaintiffs against defendant on the cause of action on the notes in the amount of eleven thousand six hundred sixty-seven and 10/100 dollars ($11,667.10) plus five hundred dollars ($500) attorney's fees. Defendant's attorney was notified of the taking of this judgment. Judge Hilliard was fully advised of the circumstances.

On *May 24, 1966* (five months and twenty-eight days after default entry), defendant filed a notice of motion to vacate the default and set aside the judgment, supported by a declaration of his attorney, *Alan M. Mund.* In addition to what we have already noted, this declaration refers to a change of secretarial personnel in defendant's attorney's office and the "concomitant confusion" together with the "untimely illness of declarant." Nothing is stated to show why the change of secretaries caused the time to be overlooked, nor is there any

---

*Assigned by the Chairman of the Judicial Council.

elaboration of facts of the attorney's illness to disclose in any way that it contributed to the failure to file an answer within the proper time.

Plaintiffs' attorney, William E. Dennis, filed a declaration in opposition also containing hearsay and statements not supported by foundation. However, it is not shown that either side objected to the defective declarations, and apparently they were considered by the trial judge.

Defendant's attorney also filed a supplementary affidavit in support of the motion, which is largely an argument. The only factual assertion of consequence in the supplementary affidavit, and this actually is conclusionary rather than evidentiary, is that the long delay in moving to set aside the default and judgment was by reason of inability of counsel to properly compile material and prepare an answer in view of the fact that he could not have discovery and that he did not have copies of the promissory notes. As to the promissory notes, he makes no assertion that he requested copies, nor does he explain why he did not examine the notes in the court's file after the default hearing. His declaration admits that he knew that "the notes were in evidence." His supplementary declaration also states (again, hearsay, conclusion, no foundation) that all of the persons who were the primary obligors on the notes have departed from the employ of defendant—and that *defendant* has, during the months succeeding notice of entry of judgment, attempted to contact each and every primary obligor in an effort to ascertain the facts concerning the transactions and what payments, if any, were made by the primary obligors. The declaration fails to state whether defendant ever succeeded in contacting these primary obligors, but apparently is intended to leave the impression that these people simply disappeared and that he could not or did not contact them. If defendant had information and belief that payments had been made by the primary obligors, he could have so alleged in his answer and ask leave to amend to set out the amounts thereof when ascertained.

It is to be noted that counsel was eventually able to prepare an answer; also, that in the very beginning, a few days before default was entered, he was promising to have the answer in a few days.

Defendant argues that plaintiffs suffered no detriment by having the judgment set aside; that plaintiffs had taken no active steps to collect the judgment through execution, examination of judgment debtor, or otherwise, except to record

abstracts of judgment. Although the extent of detriment caused by delay may be considered in this type of proceeding, it is almost always some detriment to a litigant to have his case needlessly delayed. In addition to the economic disadvantage of delay, a pending lawsuit is a matter of annoyance and worry. It is the duty of attorneys to observe time rules, and relief from failure in regard thereto should not be granted unless such failure is excusable, regardless of the extent of detriment.

Cases involving the granting of relief under section 473 of the Code of Civil Procedure are legion, but *Schwartz* v. *Smookler* (1962) 202 Cal.App.2d 76 [20 Cal.Rptr. 507], is very close on the facts to the case at bench and sets out the applicable rules. There, default was entered August 4, 1960, and defendants were notified August 5, 1960. On November 28, 1960, motion to set aside the default was made and denied. The motion was renewed on December 10, 1960, and granted. Plaintiffs appealed the granting of the motion and the appellate court said that the failure to act within 3½ months made it clear that defendants did not take steps to set aside their default within a reasonable time as required by the statute and that no adequate excuse for such delay was present. The proper procedure involves the presentation of some explanation by affidavit or testimony of any extended delay, and the court then determines whether such explanation may be sufficient to justify the granting of the relief sought.

It is not often that the appellate courts reverse decisions of trial courts where relief vacating a default is granted. The law favors cases being determined on their merits. Most of the appeals are in cases where the trial court denied relief. Usually these orders are sustained. *Schwartz, supra,* is one of the few cases reversing an order of the trial court that granted relief. In that case the attorney whose neglect was involved asserted excuses, including that he prepared the answer but inadvertently it was put back in his office file rather than filed with the court; after the default was entered, he had a busy trial schedule; he was working on briefs and important cases; the original plaintiff wrote a letter to another attorney indicating his hope that the case could be settled. These excuses are discussed in the opinion and found to be without merit.

In the case at bench there is no valid excuse shown by the record for the long delay in proceeding after the default was entered. Had defendant acted promptly after the default was entered, undoubtedly it would have been within the rea-

sonable discretion of the trial court to grant relief, if for no other reason, simply on the basis that customary professional courtesy would have required a few more days of grace, and there should have been a final and categorical advisement that default would be entered.

We cannot find any substance in defendant's counsel's assertions attempting to excuse the long delay following entry of default—just two days short of six months.

Finally, we will observe that the minute order of the trial court was conditional upon the payment of $500 attorney's fees. The signed court order, however, probably through inadvertence, is not conditional. It simply grants the motion and then provides for attorney's fees payable forthwith. Although the appeal was not taken for nearly a month after the order, it is admitted in the briefs that the attorney's fees were not paid. This indicates a continuing negligent attitude toward the case.

The order appealed from is reversed.

Kerrigan, Acting P. J., and Tamura, J., concurred.