[Crim. No. 23844. Second Dist., Div. Four. July 16, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD FRANKLIN WOOLMAN, Defendant and Appellant.

653

Oliver Wendel Holmes, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Abram Weisbrot, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with assault on a police officer by means of force likely to produce great bodily injury, in violation of subdivision (b) of section 245 of the Penal Code. After a trial by jury, he was found guilty of assault by means of force likely to produce great bodily injury, in violation of subdivision (a) of section 245, a lesser and included offense. Defendant was sentenced to the county jail, the sentence was suspended and defendant was granted probation. He has appealed; we affirm.

On May 10, 1972, a demonstration against the Viet Nam war was conducted on Wilshire Boulevard near Burlington Avenue in the City of Los Angeles. One of the leaders of that demonstration was Ron Kovic, a paraplegic veteran of the war, who was confined to a wheel chair. When

the demonstration was broken up, the lieutenant commanding the assigned police force ordered Officer Robinson, Officer Bonneau and Officer Moran to arrest Kovic. The officers were in plain clothes, having earlier been detailed as undercover operatives to infiltrate the demonstration movement. The prosecution's case was that, as the officers, having displayed their badges and initiated the arrest of Kovic, were wheeling him toward a police van, Officer Robinson was attacked by defendant and injured. Defendant's claim was that he thought Kovic was being set upon by civilians not in sympathy with the demonstration and started to his aid, only to be attacked by the arresting officers and forcibly restrained before he could or did attack them.

In that state of the case, defendant sought, by various motions, to secure access to Officer Robinson's official files in order to support a claim that that officer had a propensity for violence (Evid. Code, § 1103). The officer was called and testified, in open court, telling of two previous instances in which he had been the alleged victim of similar assaults—one being three and the other four years previously; he also admitted to one instance of shooting a resisting person in order to effect an arrest. Accurately anticipating the rules and procedures later to be laid down by the Supreme Court in *Pitchess* v. *Superior Court* (*Echevaria*) (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], the People claimed the privilege provided in subdivision (b) of section 1040 of the Evidence Code, and the trial court held an *in camera* hearing. At that hearing, Robinson's personnel file was presented to the trial judge, who ruled that it contained nothing pertinent to the defense tendered by defendant beyond the information already given by Robinson in his open court testimony. The court denied the request and sustained the claim of privilege.

I

We have examined the file tendered to the trial court at the *in camera* hearing and agree with that court's ruling; nothing in that file not already known to defense counsel could possibly have aided in the defense.

II

Present at the *in camera* hearing were the trial judge, his clerk and reporter, an assistant city attorney and the police officer witness who was the custodian of the official file involved. Neither defense nor prosecution were represented. In spite of the dicta in *People* v. *Superior Court* (*Biggs*)

(1971) 19 Cal.App.3d 522 [97 Cal.Rptr. 118], we see nothing wrong in that procedure. To require an adversary hearing with counsel would destroy, at the outset, the very privilege that the hearing is designed to protect.

### III

■ Defendant contends that the trial court should have given, *sua sponte,* an instruction on the use of force to protect another. That theory was entirely contrary to the defense relied on by defendant—i.e., that he had used no force at all, having been intercepted in his attempt to rescue Kovic by an assault initiated by the police. Under those circumstances, no requirement of a *sua sponte* instruction existed. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 716-717 [112 Cal.Rptr. 1, 518 P.2d 913].)

The judgment (order granting probation) is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 12, 1974.