[Civ. No. 37963. First Dist., Div. Four. Apr. 26, 1976.]

DAVID LONG, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

James C. Hooley, Public Defender, and E. Craig Goldman, Assistant Public Defender, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Linda Ludlow, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**THE COURT.**\*—David Long appeals from a judgment denying a writ of mandamus to compel respondent municipal court to grant discovery in a pending misdemeanor case in which appellant is defendant.

Appellant had presented in the municipal court a declaration in support of subpoena duces tecum, executed by counsel, in which it was related that appellant would plead self-defense to the charges of assaulting and obstructing a police officer, that he had no access to the personnel records of the police department, and that the chief of police had in his possession the following items necessary for the preparation of a defense:

"1) Verbatim copies of all reports or records of complaints alleging the use of excessive force or violence in arrests made by Officer S. Bennett, 6914P and Officer Hughes, 6826P, in the course of their employment by the Oakland Police Department.

"2) Verbatim copies of all investigative reports made as a result of complaints alleging excessive use of force or violence by aforesaid Officer S. Bennett and Officer Hughes in the course of their employment by the Oakland Police Department.

"3) Names and addresses of all persons who have complained to the Oakland Police Department of excessive use of force or violence by Officer S. Bennett and Officer Hughes."

The prosecutor did not claim privilege under Evidence Code section 1040. The municipal court, acting on the authority of *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], determined that the records in question were potentially discoverable and directed the custodian of records to bring them into court for a determination as to whether the records contained information which should be made available to the defense. The court examined the records *in camera*, and declared a finding "that there is nothing contained in either officer's file which shows a propensity for violence. There is no relevant material to the offense charged nor is there any material relevant to any self-defense." Defense counsel asked the court to state whether the personnel files contained "the names of witnesses who have made allegations of use of excessive force." The court declined to answer that question or to

---

\*Before Caldecott, P. J., Rattigan, J., and Christian, J.

make available a reporter's transcript of whatever occurred during the *in camera* examination of the records.

Appellant concedes that an *in camera* review by the judge of the material sought to be discovered "out of the presence of the defendant and his counsel, is a proper procedure for screening the contents of the files so as to limit discovery to [pertinent] material." It is contended, however, that if production of the contents of the files is not to be ordered the judge should make findings covering the following matters:

"(1) Whether any complaints, made by citizens against the police officer alleging the use of excessive force have been filed or are presently contained in the Internal Services Bureau files;

"(2) The names and addresses of any and all complainants;

"(3) The dates on which any complaints were filed and the dates to which they relate;

"(4) Whether there was any Internal Services Bureau investigation conducted pursuant to the filing of any complaints;

"(5) Whether there were any hearings held concerning allegations of the use of excessive force by the police officer;

"(6) Whether any disciplinary actions were taken pursuant to a finding that the police officer had engaged in misconduct based upon citizen complaints that the police officer had used excessive force while in the performance of his duties."

It is claimed that a determination as to the usefulness to the defense of any complaints contained in the files should be made not by the judge but by defense counsel, and that to deny discovery on the basis that information contained in the files was irrelevant is a violation of due process.

The Attorney General argues, relying on *People* v. *Woolman* (1974) 40 Cal.App.3d 652 [115 Cal.Rptr. 324], that the court acted correctly in conducting an *in camera* hearing to determine whether the records contained information pertinent to the defense and in declining to disclose to the defense whether the records contained complaints concerning alleged prior instances of excessive force on the part of the

two officers. But the *in camera* hearing is called for only where governmental privilege has been asserted (see *Pitchess* v. *Superior Court*, *supra*, 11 Cal.3d at p. 538; cf. *People* v. *Woolman, supra*, 40 Cal.App.3d 652, 655). Here the prosecutor explicitly disclaimed any assertion of privilege; instead, he resisted discovery on the theory that the declaration was insufficient. That position was unsound (see *In re Valerie E.* (1975) 50 Cal.App.3d 213 [123 Cal.Rptr. 242]).

■ Although, in the absence of a claim of privilege by the prosecutor, there was no occasion for an *in camera* examination of the records, appellant cannot be heard to complain concerning that procedure. When the court indicated that the files would be examined privately and that the court would thereafter "make a statement in open court," defense counsel stated "That would be agreeable." But defense counsel later withdrew his acquiescence in this superfluous procedure when he inquired, "What we are asking for, of course, is the names of witnesses who have made allegations of use of excessive force." In refusing to respond, on the authority of *Pitchess*, the municipal court appears to have been acting under the misapprehension that even though a showing is made that discovery of official files is required, and there has been no assertion of privilege, the files in question are to be filtered through the court rather than to be made available directly for examination by defense counsel. Here, counsel did not state his request in the clearest possible language but it must be concluded that he requested, and was refused, information which he was entitled to have.

The judgment is reversed with directions to issue a writ requiring the municipal court to take further proceedings conforming to the procedures outlined in *Pitchess* v. *Superior Court*, 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], and *In re Valerie E.*, 50 Cal.3d 213 [123 Cal.Rptr. 242].

A petition for a rehearing was denied May 4, 1976.