OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 89-1103 |
| of | : | |
| | : | April 5, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE MICHAEL H. KRAUSNICK, COUNTY COUNSEL, STANISLAUS COUNTY, has requested an opinion on the following question:

With respect to an employment discrimination complaint filed against a county employee who is a peace officer, may the county affirmative action officer lawfully furnish a copy of the completed investigation report to a complainant who is not a peace officer?

CONCLUSION

With respect to an employment discrimination complaint filed against a county employee who is a peace officer, the county affirmative action officer may not lawfully furnish a copy of the completed investigation report to a complainant who is not a peace officer.

ANALYSIS

The board of supervisors of a county has established an equal employment opportunity grievance procedure for county employees. The procedural rules authorize the filing of a discrimination complaint with a county affirmative action officer who investigates the allegations and attempts to resolve the dispute. One provision of the procedural rules is that "The County Affirmative Action Officer, upon receipt of a complaint . . . [s]hall make available to the parties involved a copy of the completed investigation report."

The question presented for analysis is whether the county affirmative action officer may lawfully furnish a copy of the completed investigation report to the complainant under this local rule if the employee against whom the complaint is filed is a peace officer. We conclude that compliance with the local rule would violate the confidentiality requirements of Penal Code section 832.7.[1]

---

[1] All references hereafter to the Penal Code are by section number only.

Section 832.7 states:

"(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.

"(b) Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.

"(c) Nothing in this section shall prohibit a department or agency from notifying the complaining party of the disposition of his or her complaint.

"The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

"(d) Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code."[2]

"Personnel records" are defined in section 832.8 as follows:

"As used in Section 832.7, `personnel records' means any file maintained under that individual's name by his or her employing agency and containing records relating to:

"(a) Personal data, including marital status, family members, educational and employment history, or similar information;

"(b) Medical history;

"(c) Election of employee benefits;

"(d) Employee advancement, appraisal, or discipline;

"(e) Complaints, or investigations of complaints, concerning an event or transaction in which he participated, or which he perceived, and pertaining to the manner in which he performed his duties; or

---

[2] The "records maintained by any state or local agency pursuant to Section 832.5" are records involving citizens' complaints filed against peace officers. "Sections 1043 and 1046 of the Evidence Code" authorize the filing of a motion with the appropriate court or administrative body to obtain disclosure "of peace officer personnel records maintained pursuant to Section 832.5 of the Penal Code or information from such records" (Evid. Code, § 1043, subd. (a)).

"(f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."

It is first to be noted that section 832.7 deals with various records in addition to citizens' complaints maintained under section 832.5. Although citizens' complaints are a major focus of its provisions (see *San Francisco Police Officers' Assn.* v. *Superior Court* (1988) 202 Cal.App.3d 183, 189; 71 Ops.Cal.Atty.Gen. 247, 248-249 (1988); 71 Ops.Cal.Atty.Gen. 1, 2-3 (1988)), section 832.7 also deals with "personnel records" defined in subdivision (e) of section 832.8 to include: "Complaints or investigations of complaints, concerning an event or transaction in which he participated, or which he perceived, and pertaining to the manner in which he performed his duties."

A complaint alleging wrongful discriminatory conduct filed against an employee would meet this definition of "personnel records" contained in section 832.8. Here the final investigative report by the county affirmative action officer might concern not only the investigation of an event in which the employee participated and pertaining to the manner in which the employee performed his or her duties (subd. (e)), but also the employee's appraisal or discipline (subd. (d)), and information the disclosure of which would constitute an unwarranted invasion of personal privacy (subd. (f)).

Subdivision (a) of section 832.7 requires peace officer personnel records to be "confidential." (See *City of Fresno* v. *Superior Court* (1988) 205 Cal.App.3d 1459, 1472; *City of Santa Cruz* v. *Municipal Court* (1988) 202 Cal.App.3d 371, 377-378.) In 71 Ops.Cal.Atty.Gen. 247, 250 (1988), we analyzed the confidentiality requirement of section 832.7 regarding information obtained from citizens' complaints:

"Furthermore, we believe it is significant that the Legislature in section 832.7 designated citizens' complaint records and information obtained therefrom to be confidential. Confidential means `1:...not publicly disseminated: PRIVATE, SECRET....' (Webster's New Internat. Dict. (3d. ed. 1961, p. 476.) Thus, the Legislature did not in section 832.7 vest any discretion in a public agency as to whether or not to disclose this information."

In 71 Ops.Cal.Atty.Gen. 1, 2-3 (1988), we discussed the confidentiality provision of section 832.7 with respect to various aspects of investigating citizens' complaints:

"Section 832.7 imposes a requirement of confidentiality on the citizens' complaints against police officers received and retained pursuant to sections 832.5. Section 832.7 contains two express exceptions to the confidentiality requirement. The first provides that parties in criminal and civil proceedings may gain access to such citizens' complaints by discovery procedures set forth in the Evidence Code. The second exception is an investigation of the conduct in question by the district attorney or a grand jury. . . .

" . . . . . . . . . . . . . . . . . . . . . . .

" . . . The requirement in section 832.5 that citizens' complaints be investigated necessarily requires that those designated to do the investigating will have access to the complaints. On this basis we interpret section 832.7 to include a third exception to the requirement of confidentiality by necessary implication giving access to the citizens' complaints to those designated in the departmental procedure established pursuant to section 832.5 to investigate such complaints.

"The legislative purpose of section 832.5 is not merely to investigate citizens' complaints against police officers to find out what happened out of curiosity. The Legislature contemplated that when police misconduct was discovered in such investigations, appropriate disciplinary action would be taken against the errant officer. . . . To accomplish the purpose of remedying wrongdoing those having the authority to discipline police officers for their misconduct must have access to the citizens' complaints and the information produced by their investigation, all of which is made confidential by section 832.7. Not only is this information essential to those who actually impose such discipline, it is also essential to those who have the duty or authority to advise or review such discipline. We therefore interpret section 832.7 to include a fourth exception to the requirement of confidentiality by necessary implication giving access to the citizens' complaints to those who have the duty or authority to advise, impose or review discipline upon a police officer for misconduct revealed by the investigation of the citizen's complaint."

In the present inquiry concerning the disclosure of an investigation report by a county affirmative action officer, we are not asked to address the manner in which peace officer personnel records may be obtained pursuant to the Evidence Code. (See *City of Fresno* v. *Superior Court*, *supra*, 205 Cal.App.3d 1459, 1472; *City of Santa Cruz* v. *Municipal Court*, *supra*, 202 Cal.App.3d 371, 378-381; *City of Redding* v. *Municipal Court* (1988) 200 Cal.App.3d 1181, 1184-1187.) Also beyond the scope of this opinion is the disclosure of records to a district attorney or a grand jury. (See 66 Ops.Cal.Atty.Gen. 128 (1983) [disclosure to district attorney].)[3]

Significant for our purposes, however, is that in 1989 (Stats. 1989, ch. 615, § 1) section 832.7 was amended to add subdivisions (b), (c), and (d).[4] Subdivision (c) states in part: "Nothing in this section shall prohibit a department or agency from notifying the complaining party of the disposition of his or her complaint." Subdivision (b) of the statute explains what the Legislature intended by use of the term "disposition": "disposition of complaints (sustained, not sustained, exonerated, or unfounded)." A notification of disposition in such cursory terms does not allow for the release of a completed investigation report.

This interpretation of subdivision (c) of section 832.7 is supported by an examination of the legislative history of the 1989 statutory amendment. The committee reports contain numerous references to the case of *San Francisco Police Officers' Assn.* v. *Superior Court*, *supra*, 202 Cal.App.3d 183. Subdivision (c) of section 832.7 has the effect of codifying this judicial decision. In upholding a city charter provision establishing an Office of Citizen Complaints empowered to investigate complaints filed against city police officers, the court specifically concluded: "In our view, there is nothing in the statutory scheme [§§ 832.5-832.8] which would preclude the Director from notifying a complainant that an [Office of Citizen Complaints] investigation is complete and that further action will or will not be taken." (*Id*., at 192.) The court did, however, prohibit the release to the complainant of the hearing officer's decision and of the office director's disciplinary recommendation, since release of these records would violate the confidentiality requirement of section 832.7. (*Ibid*.)

In answer to the question presented, therefore, we conclude that with respect to an employment discrimination complaint filed against a county employee who is a peace officer, the

---

[3] Section 832.7 now contains an express "exemption" for disclosure to "the Attorney General's Office." (Stats. 1988, ch. 685, § 2.)

[4] Subdivision (b) was added in response to our opinion in 71 Ops.Cal.Atty.Gen. 247 (1988).

county affirmative action officer may not lawfully furnish a copy of the completed investigation report to a complainant who is not a peace officer.

* * * * *