[No. B044881. Second Dist., Div. Five. May 7, 1990.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MARY LOU UHLEY, Real Party in Interest.

COUNSEL

Jeffrey S. Kramer, Coleen P. Gillespie and Tuverson & Hillyard for Petitioner.

No appearance for Respondent.

Callahan, McCune & Willis and Peter M. Callahan for Real Party in Interest.

## OPINION

**LUCAS, P. J.**—In this personal injury action, the superior court granted real party's request, pursuant to Code of Civil Procedure, section 2031, to

compel production of the entire personnel file of a deputy sheriff. The deputy's employer, the County of Los Angeles (the County), filed a petition for writ of mandate which we summarily denied on September 21, 1989. Thereafter, the Supreme Court granted the County's petition for review and transferred the case to this court with instructions to issue an alternative writ.

We hold that because real party did not utilize the appropriate Evidence Code procedures for discovery of peace officer personnel records, the respondent court should have denied the motion to compel. The petition is therefore granted.

## FACTS

While in the course and scope of his employment as a Deputy Sheriff, Gary Ferguson was involved in an automobile accident with real party Mary Lou Uhley. Ferguson sued Uhley for personal injury damages, and Uhley cross-complained against the County for "property damage and loss of use."

On March 29, 1989, Uhley propounded to the County a request for production of documents (Code Civ. Proc., § 2031) seeking (1) portions of the Los Angeles County Sheriff's policies and procedures manual, and (2) the entire personnel file of Deputy Ferguson.[1] The requests contained the standard admonition that a response should be filed within 20 days, set forth the procedure for objecting to privileged material, and detailed what type of response was required. The County did not seek a protective order and in fact did not file any formal response whatsoever.

After Uhley filed a motion to compel production, the parties attempted to resolve the matter informally. Uhley's counsel agreed to take his motion off calendar if the County would produce the requested documents. When the County did not do so, Uhley filed an amended motion to compel.

---

[1] The alleged relevance of the personnel file is as follows: "Plaintiff [Ferguson] indicated at his deposition that this file contains medical records of previous injuries, as well as his workers' compensation claim history. In his Complaint, plaintiff alleges injuries to his health, medical expenses incurred and lost wages as a result of the accident. Any information concerning plaintiff's physical condition before the accident will be vital in determining if any pre-existing injuries were present. Evidence of such injuries would go to the very heart of the damages issue. Potential set-offs also exist on any claims for medical expenses and lost wages, further information in the file needed to settle the question of damages. The file may contain relevant data concerning the plaintiff's driving or safety record which could have a direct bearing on the case. It is likely that investigative reports of the accident are contained as well, another factor in establishing liability." According to Uhley, Ferguson also testified at his deposition that he had been involved in other accidents, the details of which were in his personnel file.

The County opposed the motion, claiming (1) it had complied with the request for production as to "all documents which were not privileged;" (2) Uhley had not set forth specific facts to justify the discovery sought, as required by Code of Civil Procedure section 2031, subdivision (1); and (3) the request for Ferguson's "entire personnel file" was "vague, ambiguous, and irrelevant to the instant action," and privileged under Evidence Code sections 1040 [privilege for official information] and 915 [disclosure of privileged information to determine claim of privilege].

Uhley responded that the County had waived any right it might have had to object to the production by failing to respond or object in a timely manner. The respondent court agreed, stating: "From the declaration that I have received, it seems like the County did not respond in time, did not have any written correspondence indicating that there was an extension of time granted to answer or object, and that the County . . . has waived any such objections based on privilege and would not get beyond the threshold question. . . .There was no motion for protective order, there was no timely objection that was filed, and I don't see why we should even reach beyond the threshold issue as to whether the County has a right to come into court and argue that these items are privileged. . ."

In response to the County's assertion that the requested items were privileged, the court responded: "Fine. But you have to object in a timely fashion, and if you object in a timely fashion, then there is a hearing to determine whether or not there are exceptions or whether or not those documents are privileged. If you sleep on your rights, the County of Los Angeles is the same as any other litigant . . ."

Finally, when the court had rejected all of its other arguments, the County asserted that it had no obligation to file *any* response to Uhley's request for production under Code of Civil Procedure section 2031 because that section did not apply to requests for discovery of peace officer personnel records. The court again agreed with Uhley that the County had waived its right to assert this objection by not raising it in a timely fashion when Uhley first propounded her requests for production.

Although we were initially persuaded by Uhley's argument that the County should have moved for a protective order at the earliest opportunity, we have since concluded that the County is correct. Code of Civil Procedure section 2031 is not applicable to the situation presented here because the Evidence Code, and not the Code of Civil Procedure, provides the exclusive means for obtaining discovery of peace officer personnel records. Until she utilizes those procedures, Uhley is not entitled to discover any information contained in Deputy Ferguson's personnel file.

DISCUSSION

1. *The procedure outlined in the Evidence Code for discovery of peace officer personnel records applies to this action.*

Penal Code section 832.7, subdivision (a), provides in pertinent part: "Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from those records, are confidential and *shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.*" [Italics added.][2]

The above referenced statutes were enacted in 1978 pursuant to Senate Bill No. 1436, which was inspired by the need to regulate discovery of peace officer personnel records by criminal defendants.[3] It is evident, however, that the drafters were aware the bill would permit a peace officer to prevent discovery of a wide array of personal information that might be relevant in civil actions other than those alleging the officer had used excessive force. (Assem. Com. on Crim. J., Bill Analysis on Sen. Bill No. 1436 (as amended Aug. 7, 1978).) The purpose of the bill was "to give the peace officer and his or her employing agency the right to refuse to disclose any information concerning the officer or complaints or investigations of the officer in both criminal and civil proceedings. . . Personnel files of peace officers, which include under this bill, *any file* maintained under the officer's name

---

[2] Penal Code section 832.8 defines an individual's "personnel records" as "any file maintained under that individual's name by his or her employing agency and containing records relating to: [¶] (a) Personal data, including marital status, family members, educational and employment history, or similar information; [¶] (b) Medical history; [¶] (c) Election of employee benefits; [¶] (d) Employee advancement, appraisal, or discipline; [¶] (e) complaints, or investigations of complaints, concerning an event or transaction in which he participated, or which he perceived, and pertaining to the manner in which he performed his duties; or [¶] (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."

[3] In *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], a defendant charged with battery against deputy sheriffs subpoenaed records of investigations involving accusations by various members of the public that the deputies allegedly attacked by the defendant had themselves used excessive force on previous occasions. The Supreme Court held that, subject to the trial court's discretion on relevance grounds, the defendant was entitled to discover previous citizen complaints against the officers. It was reported that many law enforcement agencies, fearing "fishing expeditions" by criminal defendants, had "launched mass record-shredding campaigns to evade court orders issued pursuant to *Pitchess.* " Motions to dismiss criminal complaints were granted if there was even a possibility that a single complaint may have been destroyed. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1436 (as introduced); Sen. Democratic Caucus, Rep. on Sen. Bill No. 1436 (as amended Apr. 17, 1978).) Senate Bill No. 1436 clarified what information was to be placed in a peace officer's personnel file and how long it was to remain there. It further set standards for the in camera hearing which a court was required to hold prior to releasing any information from the file.

including medical records, benefits records, personal data, employee appraisals and complaint information are deemed confidential and not subject to disclosure or discovery except as provided in this bill." (*Id.*, italics in original.)

■ We have no doubt, in view of this legislative history, that the Legislature's use of the term "any criminal or civil proceeding" in Penal Code section 832.7 was intended to apply to any situation, including a personal injury action such as the present case, where a party seeks to discover information contained in a peace officer's personnel file.

*2. The County has not waived its right to assert the privilege of Evidence Code section 1043.*

■ As she did below, Uhley asserts that the County waived its right to claim any privilege with respect to Deputy Ferguson's personnel file by failing to assert the privilege in a timely response to her request for production of documents. This issue was decided adversely to Uhley in *City of Fresno* v. *Superior Court* (1988) 205 Cal.App.3d 1459 [253 Cal.Rptr. 296].

In *City of Fresno,* the plaintiff in a civil action alleging excessive force by Fresno police officers who arrested him sought discovery, pursuant to Code of Civil Procedure section 2031, of certain information, including documents contained in the officers' personnel files. As to the documents which did not concern personnel or complaint records, the court held that the city had waived its right to assert any objections to the production by failing timely to respond to plaintiff's inspection demand.

With respect to the officers' personnel files, however, the court held that the plaintiff "should have followed the specific *Pitchess* motion procedure [Evidence Code section 1043][4] to discover those documents which fell

---

[4]Section 1043 requires that a party seeking discovery of such records must file a written motion, upon appropriate notice, accompanied by the following: (1) identification of the proceeding in which discovery or disclosure is sought; (2) the peace officer whose records are sought; (3) the governmental agency which has custody and control of the records; (4) the time and place at which the motion is to be heard; (5) a description of the information sought; and (6) an affidavit "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records." (§ 1043, subd. (b).) The governmental agency must immediately notify the officer whose records are sought of the potential disclosure. (§ 1043, subd. (a).) The officer may then move for a protective order. (§ 1045, subd. (d).) The court then conducts an in camera inspection of the records, following which it must determine the relevance of the information sought, exclude certain matter from disclosure, and, if necessary, make other protective orders. (§ 1045.)

within the category of peace officer personnel records and records maintained pursuant to Penal Code section 832.5." (205 Cal.App.3d at p. 1477.)

We agree with the *City of Fresno* court's holding that (1) the specific Evidence Code procedures relating to discovery of peace officer personnel records take precedence over the general discovery rules outlined in the Code of Civil Procedure, and (2) a party may not excuse his noncompliance with those specific provisions by "resorting to a waiver provision in the inapplicable and more generalized procedure which he chose to use." (205 Cal.App.3d at p. 1477.)

Because Uhley did not utilize the specific procedures set forth in Evidence Code section 1043, the County was under no obligation to respond to Uhley's request for production of Deputy Ferguson's personnel file.

We do not intend this holding to be an endorsement of the County's course of action in this case. The County's failure to even acknowledge Uhley's request for production has resulted in an enormous consumption of attorney and judicial time and resources. While the County was under no technical obligation to do so, ideally it should have raised the issue of Evidence Code section 1043 at the earliest opportunity.

Let a peremptory writ of mandate issue directing the respondent court to vacate that its order of August 18, 1989, granting the motion of defendant and cross-complainant Mary Lou Uhley for production of documents, and enter a new and different order denying the motion without prejudice to filing a motion for discovery pursuant to Evidence Code section 1043.

Ashby, J., and Boren, J., concurred.